# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA<br><br>Defendant(s). | Case No.  2:26–cv–04255–SRM–PD<br><br>**STANDING ORDER FOR NEWLY ASSIGNED CIVIL CASES** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to United States District Judge Serena R. Murillo. Both the Court and all counsel bear responsibility for the progress of litigation in this Court. "Counsel," as used in this Order, includes attorneys and parties who have elected to appear without an attorney and are representing themselves in this civil litigation (hereinafter referred to as "*Pro Se* Litigants").

To secure the "just, speedy, and inexpensive determination of every action," as called for in the Fed. R. Civ. P.1, all parties and their counsel are ordered to

1

comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California. *See* C.D. Cal. R. 1-3, 83-2.2.3. The Court periodically updates this Order. Counsel should obtain the latest version of this Order under Orders & Additional Documents at the bottom of Judge Murillo's webpage on the Court's website: https://www.cacd.uscourts. gov/Jps/honorable–serena–r–murillo. The version date appears in the electronic file name.

## I.   GENERAL REQUIREMENTS

### A.   Service of Order

Counsel for the plaintiff must immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the defendant that removed the case must serve this Order on all other parties. Any document that is e-filed shall be served by mail that same day on any party or attorney who is not permitted or has not consented to electronic service, with a proof of service to be filed within 24 hours.

### B.   *Pro Se* Litigants

Only individuals may represent themselves. A corporation or other entity must be represented by counsel. If counsel seeks to withdraw, counsel must advise the entity of the dire consequences of failing to obtain substitute counsel before seeking withdrawal–i.e., a plaintiff entity's case will be dismissed, or a defendant entity will default. *See* C.D. Cal. R. 83-2.3.4. The following links may be helpful to *Pro Se* Litigants: (a) General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://www.prose.cacd.uscourts.gov/; (b) Local Civil Rules for the Central District of California can be found at https://www.cacd.uscourts. gov/court-procedures/local-rules; (c) Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

### C.      Presence of Lead Trial Counsel

Lead trial counsel shall attend all proceedings set by this Court, including scheduling, settlement, pretrial conferences, and trial unless lead trial counsel is engaged in trial. Lead trial counsel must be prepared to address and resolve all matters within the scope of the proceeding. Only one attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. If a second lead trial counsel is permitted by the Court, both counsel must attend the pretrial conference. The Court does not permit special appearances; only counsel of record may appear at any proceeding. To provide more experience to the next generation of practitioners, the Court encourages lead trial counsel to permit junior counsel to fully participate in Court proceedings, including to arguing motions and examining witnesses at trial.

### D.      Counsel Calendar Conflicts

If any counsel discovers a calendar conflict due to lead counsel's engagement in trial, counsel must inform opposing counsel and the Court's courtroom deputy (CRD) via Chambers email at SRM_chambers@cacd.uscourts.gov as soon as possible and not later than three days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and Proposed Order. A "Notice of Unavailability" has no legal effect and should not be filed. The Court expects counsel to conduct themselves professionally and not deliberately schedule any proceeding when counsel is unavailable.

### E.      Communications with Chambers

Neither counsel nor a party shall initiate contact with the Court or its Chambers staff by telephone or by any other improper *ex parte* means. Counsel may contact the CRD with appropriate inquiries. Contacting the CRD to inquire about the status of a ruling or to continue a proceeding is not appropriate.

3

The preferred method of communication with the CRD is by email at SRM_chambers@cacd.uscourts.gov. Counsel must copy all parties on any such email. To facilitate communication with the CRD, counsel should list their email addresses and telephone numbers on all papers.

### F.    Civility

All counsel who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines, which can be found on the Court's website at https://www.cacd.uscourts.gov/attorneys/ admissions/civility-and-professionalismguidelines. The Court expects everyone in the courtroom to treat each other with dignity and respect. At a minimum, the Court expects the following from counsel: (1) being punctual and prepared for all court appearance; (2) being civil and respectful in all oral and written communications with the Court and other parties; (3) being civil and respectful to court personnel, including the CRD, court reporters, law clerks, and marshals; (4) refraining from interrupting any person in the courtroom when that person is speaking; (5) refraining from making gestures, facial expressions, or audible comments indicating approval or disapproval of testimony or argument; and (6) being considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.

## II.    PLEADINGS REQUIREMENTS

### A.    Service of the Complaint

The plaintiff(s) shall promptly serve a copy of the summons and complaint in accordance with Federal Rule of Civil Procedure 4 and file the proofs of service pursuant to Federal Rules of Civil Procedure 4(l). Any defendant(s), including "DOE" or fictitiously named defendant(s), not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m) and by operation of this Order without further notice, unless plaintiff requests and justifies the need for additional time in the joint report and the Court grants an extension. The Court will

require plaintiff to show good cause to extend the service deadline beyond 90 days.

### B.     Removed Actions

Any answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with Local Rule 6. If an action removed to this Court contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties that filed the form pleading must file in this Court within 30 days of receipt of the Notice of Removal a revised pleading that complies with Federal Rule of Civil Procedure 7, 7.1, 8, 9, 10 and 11. An amended complaint filed within 30 days after removal to replace a form complaint pursuant to this instruction shall be deemed an amended complaint with "the court's leave" pursuant to Federal Rule Civil Procedure 15(a)(2).

### C.     Status of Fictitiously Named Defendants

(a).   Plaintiff must identify and serve any fictitiously named or "Doe" defendant(s) before the deadline set forth in the Court's Order Setting Scheduling Conference.

(b).   Before moving to substitute a defendant for a Doe defendant, plaintiff must seek the consent of counsel for all defendants, including counsel for a represented Doe defendant. If denied consent, plaintiff must file a regularly noticed motion. In diversity cases, plaintiff's motion must address whether the addition of the newly named party destroys diversity jurisdiction. *See* 28 U.S.C. § 1447(c), (e).

## III.   FILING REQUIREMENTS

### A.     Electronic Filing

Pursuant to Federal Rule of Civil Procedure 5(d)(3), Local Rule 5-4, and General Order 10-07, counsel shall electronically file ("e-file") all filings. Items that do not require the Court's signature shall be e-filed in text searchable portable document format (PDF). Proposed orders shall be e-filed in text searchable PDF

format as an attachment to the main documents. *Pro Se* Litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an email address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

**B.      Documents with Declarations, Exhibits, and other Attachments**

If a filed or lodged document has declarations, exhibits, or other attachments, each attachment must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration, 29-2 Ex. 1 - License Agreement, 29-3 Request for Judicial Notice). The Court may strike or decline to consider motions, stipulations, or other documents with attachments that are not filed in accordance with this Order.

**C.      Proposed Orders**

1.      Proposed Orders Must be Lodged and Served.

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

2.      Use Applicable Templates.

Use the "Proposed Order" template located on the Court's website under "Orders & Additional Documents" at the bottom of the webpage. (https://apps.cacd.uscourts.gov/Jps/honorable–serena–r–murillo). Failure to do so may result in the striking of the request. Proposed orders must be on pleading paper. Proposed orders should NOT contain any of the following: (1) attorney names, addresses, etc. on the caption page; (2) a footer with the document name or other information; or (3) a watermark or designation of the firm name.

Proposed orders should be formatted in the same fashion as motions. *See* infra paragraph G.4.

             3.    Email Proposed Orders to Chambers.

The Court enforces strict compliance with Local Rule 5-4.4.2, which instructs: "After a document requiring a judge's signature has been lodged in accordance with L.R. 5-4.4.1 . . . , a Microsoft Word copy of the proposed document, along with a PDF copy of the the electronically filed main document, shall be e-mailed to the assigned judge's generic chambers e-mail address using the CM/ECF System," namely, SRM_chambers@cacd.uscourts.gov. The Court will not consider a stipulation, *ex parte* application, or other request for relief until a compliant proposed order is received by email. If the proposed order is based on a stipulation or an *ex parte* application, counsel must email both the order and the stipulation or *ex parte* application. Otherwise, accompanying documents (such as motions) should not be emailed to Chambers.

**D.      Mandatory Chambers Copies**

             1.    Motions, Pleadings, and Trial Documents

The parties must not provide chambers copies unless specifically ordered by the court, or in case of an *ex parte* application for a temporary restraining order (TRO). If required, chambers copies are to be submitted pursuant to Local Rule 5-4.5. The Court does require copies of materials that have not been filed on the electronic docket for the case (e.g., CD-ROMs, DVDs, USB drives, documents electronically filed in other cases or other districts). Please do not send paper copies of any other documents unless requested by the Court.

             2.    Delivery Location, Timeliness, and Form

If ordered, Chambers Copies or materials must be delivered to Judge Murillo's mailbox on the Fourth Floor of the First Street Courthouse, 350 West First Street, Los Angeles, California 90012. Where applicable, any exhibits or declarations attached to chambers copies must be tabbed. Mandatory

Chambers Copies need NOT be blue backed.

Chambers copies must be delivered no later than 12:00 p.m. the following business day after the document is electronically filed. "Chambers copies must be printed from CM/ECF and must include: (1) the CM/ECF-generated header (consisting of the case number, document control number, date of filing, page number, etc.) at the top of each page; and (2) the NEF [notice of electronic filing] (*see* L.R. 5-3.2.1) as the last page of the document." Local Rule 5-4.5 (emphasis added). For security reasons, do not leave chambers copies in envelopes or folders.

### 3.    Chambers Copy Exhibits

If chambers copies are ordered, all exhibits should be separated by a tab divider on the right or bottom of the document. If the evidence exceeds 50 pages, the Chambers Copy must: (1) include a table of contents; and (2) be in a tabbed binder with each exhibit separated by a tab divider on the right or the bottom. All documents in the binder must be three- hole punched, preferably with a larger hole size (13/32"), rather than the standard hole size (9/32"), to facilitate ease of review. If the evidence exceeds 200 pages, the table of contents and evidence must be placed in a Slant D-Ring binder. Binders should be no larger than 4 inches. Binders must have both a cover sheet and a spine label that includes the case name, case number, and a description of the contents.

### E.    Filings Under Seal

#### 1.    Local Rule 79-5

Local Rule 79-5 governs applications to file under seal. Parties must comply with all sections of Local Rule 79-5. There is a "strong presumption of access to court records" in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information a party seeks to file under seal, the party must identify and discuss the factual and/or legal justification, *see* (c) below, that establishes

"good cause" or "compelling reasons" for the document's protection. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

### 2.    Redacted Version and Unredacted Version

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file an unredacted version of the document under seal, and a redacted version for public viewing, omitting only the portions the Court has ordered may be filed under seal.

### 3.    Justification

Sealing must be justified for each individual confidential matter; blanket claims of confidentiality will result in the application to seal being denied. All applications must provide the reason(s) the parties' interest in maintaining the confidentiality of the document(s) outweighs the public's right of access to materials submitted in connection with a judicial proceeding. Counsel is strongly encouraged to consider carefully whether sealing or redaction is required for a given piece of evidence or argument. An application to seal that includes clearly meritless requests to seal or redact documents may be denied in its entirely. The parties must also meet and confer before filing an application to seal.

### 4.    Meet and Confer

Counsel are ordered to meet and confer in person or by telephone at least seven calendar days before the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. Not later than two calendar days after the meet and confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under-seal filing. Any application for under-seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred. If such information is not provided, the application will be denied without

prejudice to an amended application being filed that complies with these terms. ***The parties are further advised that email correspondence alone is insufficient to satisfy this requirement.***

## IV.   CONSENT TO MAGISTRATE FOR ENTIRE CIVIL CASE

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over the entire civil case, including trial, rather than just discovery. *See* General Order 12-01 and General Order 12-02. One benefit to giving such consent is that the parties will likely be able to proceed to trial sooner than on a District Judge's calendar. Additionally, the parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case. The Magistrate Judges have experience and expertise in a variety of areas, including patent and trademark litigation. If the parties agree to consent to proceed before a Magistrate Judge, the parties should consult the Central District website for the list of available Magistrate Judges and should submit the appropriate consent form. https://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges

## V.   DISCOVERY

### A.   Magistrate Judge Referral for All Discovery Matters

All discovery matters are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the Judge's initials next to the case number. All documents relating to discovery matters must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel should not deliver chambers copies of discovery matters to the District Judge. Counsel must follow the Magistrate Judge's procedures for scheduling matters for hearing. These procedures are stated on each Magistrate Judge's webpage.

### B.   Limited District Court Review of Discovery Matters

The decision of the Magistrate Judge on all discovery matters shall be final, subject to limited review requiring a showing that the decision is clearly

erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Any motion for review of a Magistrate Judge's decision must be noticed before the District Court Judge within 14 days of service of the Magistrate Judge's written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall provide copies of the moving papers and responses to the Magistrate Judge chambers.

### C. Timing of Discovery

Unless there is a likelihood that, upon motion by a party, the Court would order that discovery be stayed, the parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery promptly. Discovery is not stayed before the Scheduling Conference or after dates have been set unless otherwise ordered by the Court. At the Scheduling Conference, the Court will impose firm deadlines governing the completion of discovery.

### D. Discovery Protective Orders

Proposed protective orders for discovery must be submitted to the assigned Magistrate Judge. Such orders should not purport to allow, without further order of the Court, the filing under seal of pleadings or documents filed in connection with a dispositive motion, a class certification motion, or trial before the Court. The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

## VI. SCHEDULING CONFERENCE

Pursuant to Federal Rule of Civil Proceduere 16(b), the Court will issue an Order Setting Scheduling Conference. The parties are required to strictly comply with Federal Rule of Civil Procedure 16 and 26, as well as this Court's Orders.

# VII.   MOTIONS – GENERAL REQUIREMENTS APPLICABLE TO ALL MOTIONS

## A.   Local Rule 7-3 Pre-Filing Meet and Confer Requirement

### 1.   Scope

The Court strictly enforces Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." This requirement applies in all cases, including those with *Pro Se* Litigants. This Court requires parties through Counsel to meet and confer about any potentially disputed matter (except those identified in Local Rules 7-3 and 16-12) before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention. If the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of contested issues. Counsel must meet and confer in good faith. ***The parties are further advised that email correspondence alone is insufficient to satisfy this requirment.***

### 2.   Method

Parties must meet and confer either by videoconference or in person. Email correspondence is insufficient.

### 3.   Compliance Statement Required

The moving party must include a truthful representation of full compliance with Local Rule 7-3 in the signing notice of motion, stating that the parties "thoroughly discussed the substance and potential resolution of the filed motion [by videoconference or in person]."

### 4.   Non-Compliance

If an opposing party refuses to participate in good faith, the moving party shall explain the refusal in detail. Failure by any party to comply in good faith with

the "meet and confer" requirement may result in an order to show cause re: sanctions–including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions.

**B.      Scheduling Motions Hearings**

Motions must be filed in accordance with Local Rules 6 and 7. Judge Murillo hears civil motions on Wednesday beginning at 1:30 p.m. It is <u>not</u> necessary to clear a hearing date with the CRD before filing a motion. Immediately before filing the motion, parties must check the closed motion dates column located on the right side of Judge Murillo's Procedures and Schedules Page on the Court's website to ensure the hearing date has not been closed. The closed date column is typically updated on a weekly, and sometimes daily basis. If a motion is noticed for a date that is not available, the Court may strike or reset the motion.

**C.      Briefing Schedule**

To allow Chambers enough time to prepare, the parties must adhere to the briefing schedule set forth in Local Rule 7-9 and 7-10 for all motions, except Rule 56 motions. For Rule 56 motions, the parties should review and comply with Judge Murillo's Standing Order For Motions for Summary Judgment located on the Court's website. (https://app.cacd.uscourts.gov/Jps/honorable-serena-r-murillo). When scheduling motion hearing dates, professional courtesy dictates that the parties should accommodate each other's schedules, including vacation and holiday schedules, whenever possible.

**D.      Length and Format of Motion Papers**

Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 10 pages. Only rarely and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule

11-3.1.1. Times New Roman font must be no less than 14 point. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to PDF format so that when a document is electronically filed, it is in proper size and is PDF searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* C.D. Cal. R. 5-4.3.1.

### E.    Citations to Authority

Statutes should be cited in accordance with the Bluebook. Citations that support a statement in the main text must be included in the main text, not in footnotes.

#### 1.    Case citations

Case citations must identify both the case cited and the specific page referenced. Parties should not use string cites without a good reason. A party should include a parenthetical explanation for each cited case when using string cites. When citing to legal databases (which is not encouraged), cite to Westlaw whenever possible.

#### 2.    Statutory references

Statutory references should identify with the sections and subsections referenced with specificity. Citations should be to the relevant official statutory code (e.g., the U.S. Code) and should not merely reference the popular name of an act.

#### 3.    Citations to Other Sources

Citations to treatises, manuals, and other materials should include the volume, section, and relevant pages. Attach copies if these materials are not accessible on Westlaw, especially for historical materials (e.g., older legislative history).

### F.    Oral Argument

If the court deems a matter appropriate for decision without oral argument,

the Court will notify the parties in advance. C.D. Cal. R. 7-15.

## VIII.   MOTIONS – SPECIFIC REQUIREMENTS

### A.   Motions Pursuant to Federal Rule of Civil Procedure 12

Many motions to dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3, especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by amendment. *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting that where a motion to dismiss is granted, a district court should grant leave to amend unless it is clear the complaint cannot be saved by amendment). Moreover, a party has the right to amend the complaint "once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Further, the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, the Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Consequently, parties should carefully consider and weigh an opponent's contentions as to the deficiencies in a pleading to determine if an amendment would cure the defects. The moving party, in turn, should agree to any amendment that would cure the defect.

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### B.   Motions to Amend

In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) attach as an

exhibit a "redlined" version of the proposed amended pleading identifying all additions and deletions of material

### C.   Motions and Stipulations to Continue

Continuances are granted only on a showing of good cause. Requests for continuances must be made sufficiently in advance of the date to be continued and by motion or stipulation, along with a proposed order. Motions and stipulations must be accompanied by a detailed declaration setting forth the specific reasons for the requested continuance. The declaration also should state whether there have been any previous requests for continuances; whether these requests were granted or denied by the Court; what efforts were made to meet the existing deadline; and what, if any, prejudice would result if the request is denied. Stipulations extending dates set by this Court are not effective unless approved by the Court. Continuances will not be granted routinely.

### D.   Motions *In Limine*

Motions *in limine* are heard at the date and time of the Final Pretrial Conference and shall be e-filed twenty-eight (28) calendar days before the Final Pretrial Conference. Unless leave of Court is granted, each party is limited to five motions *in limine*. The motions shall be prepared and filed consistent with Local Rule 6-1 and Local Rule 7. They shall be numbered sequentially by each party who presents them. The supporting memorandum shall not exceed ten (10) pages. Any opposition(s) shall be e-filed fourteen (14) calendar days before the Final Pretrial Conference and shall not exceed 10 pages. The Court will permit oral argument on motions *in limine*; therefore, a reply is not required. The Court hears all motions *in limine*, which shall be numbered sequentially by each party who presents them, at the time of the Final Pretrial Conference.

### E.   *Daubert* Motions

*Daubert* motions shall be noticed for hearing no later than eight weeks before the Final Pretrial Conference date.

**F.      Motions for Class Certification**

If this action is a putative class action, the parties are to act diligently and begin discovery immediately, so that the motion for class certification can be filed expeditiously. This Court requires an extended briefing schedule for motions for class certification. Parties are advised to refer to the Court's Scheduling Order for additional guidance as to filing and timing of motions for class certification.

**G.      Motions Pursuant to Federal Rule of Civil Procedure 56**
**(Summary Judgment/Summary Adjudication Motions)**

For the requirements specific to Rule 56 motions, the parties shall refer to the Court's Standing Order for Motions for Summary Judgment located on the Court's website. (https://apps.cacd.uscourts.gov/Jps/honorable−serena−r−murillo). The parties are expected to comply with all the Court's requirements.

**H.      Motions for Attorneys' Fees**

Motions for attorneys' fees shall be electronically filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of each attorney with title (e.g., partner, counsel, associate, etc.). The first table shall include a summary of the hours worked by each attorney, organized by task (e.g., discovery, motion to dismiss, motion for summary judgment). The second table shall include a summary of the hours worked by each attorney, organized by attorney. Both tables shall list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney. If the hourly rate charged by any individual attorney changed while the action was ongoing, the party shall provide separate calculations for the total number of hours the attorney spent in connection with each task at each hourly rate. All tables shall be attached to the motion and electronically filed. The courtesy copies of the tables shall be prepared in Excel, have all restrictions

removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at SRM_Chambers@cacd.uscourts.gov.

## I.    Motions to Reconsider

Motions for reconsideration must meet the requirements for reconsideration set forth in the Federal Rules of Civil Procedure and/or Local Rules. A motion for reconsideration will "not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* C.D. Cal. R. 7-18 (listing other requirements). Motions for reconsideration should not be filed to rehash arguments or "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Filing motions for reconsideration that do not adhere to the above requirements may result in sanctions being imposed.

## J.    PLRA Exhaustion Motions

The issue of exhaustion under the Prison Litigation Reform Act (PLRA) must be raised at the beginning of the litigation. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A party seeking to obtain a judicial determination of any material fact dispute precluding summary judgment on the exhaustion issue must file before this Court a request for a hearing within 14 days of the filing of the order denying summary judgment. The failure to file a timely request may be construed as a waiver of the exhaustion issue.

## IX.   HEARINGS

### A.    Submission Without Oral Argument

Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court may deem a matter appropriate for decision without oral argument. If the

Court does so, it will notify the parties before the hearing.

### B.  Oral Argument Time Limits

If oral argument is permitted, the parties will have 10 minutes each for oral argument, unless the Court states otherwise. If the Court believes the matter warrants less or more time, it will advise counsel at the hearing.

### C.  Remote Appearances

Remote appearances are disfavored absent good cause shown in a filed declaration.

### D.  Telephonic Hearings

The Court seldom permits telephonic appearances. The Court strongly prefers counsel to appear in person for motion hearings and pretrial and settlement conferences. If exceptional circumstances exist, counsel may file an application to appear telephonically detailing such circumstances.

### E.  Settlement

Counsel must notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions that may render the **motion moot and must notify the Court immediately if a settlement is reached. A belated notice of settlement wastes scarce judicial resources.**

## X.  *EX PARTE* APPLICATIONS (INCLUDING TEMPORARY RESTRAINING ORDERS AND APPLICATIONS FOR INJUNCTIVE RELIEF)

### A.  *Ex Parte* Applications Generally

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488 (C.D. Cal. 1995). *Ex parte* applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause. Concurrently with service of the *ex parte* papers by electronic service and telephonic notice, counsel for the

19

moving party shall also serve the non-moving party by either facsimile, email, or personal service, and give notice to the non-moving party that opposing papers must be filed no later than 24 hours (or one court day) following service. If counsel do not intend to oppose the *ex parte* application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible.

Applications seeking relief on an *ex parte* basis–either requesting not to give proper notice to an opposing party and/or requesting an expedited briefing schedule–are highly disfavored. This is especially true when the *ex parte* relief is sought due to (1) the applicant's lack of diligence; (2) a crisis of the applicant's own making; (3) an applicant's unwillingness to work through issues with the opposing party; or (4) an applicant's last minute or half-hearted attempt to meet and confer. Even when the opposing party is given the opportunity to respond, such *ex parte* motions "are inherently unfair," "pose a threat to the administration of justice," "debilitate the adversary system," and force both the opposing counsel and the Court "to drop all other work to respond on short notice." *Mission Power Eng'g*, 883 F. Supp. 490. As such, *ex parte* applications are strongly discouraged, and frivolous *ex parte* motions may result in sanctions being imposed on the moving party.

If, on the rare occasion and with a party's demonstration of due diligence during the entire period leading up to the deadline, compliance with a Court deadline is not possible, a party may file an *ex parte* application and propose a hearing date. The moving party must support the application *with facts* showing that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492. Merely reciting these requirements is not sufficient. Further, the moving party should not assume that an unopposed *ex parte* application will be granted; and a last-minute application (or

20

(stipulation) that is denied will not serve to relieve a party of an underlying obligation (e.g., a soon-to-expire deadline).

### B.    *Ex Parte* Applications for TROs

An *ex parte* application for a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65, seeks an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."*Winter v. NRDC, Inc*., 555 U.S. 7, 22 (2008) (citation omitted). Such applications must comply with Local Rule 7-19 (and Local Rule 65 for temporary restraining orders and preliminary injunctions). The moving party must serve the opposing party by email, fax, or personal service, and notify that party that opposing papers must be filed not later than 48 hours following service or by 3:00 p.m. on the first court day after the service, whichever is later, or certify pursuant to Rule 65 and Local Rule 65-1 the efforts made to give notice and reasons why it should not be required under the circumstances. The opposing party should advise the CRD as soon as possible whether it intends to oppose the *ex parte* application. For TROs, the parties must provide Mandatory Chambers Copies of TRO-related documents on the same day they are filed. The application will not be considered until a Mandatory Chambers Copy has been provided. Unless the application presents a true emergency, the Court generally will not rule on the application for relief for at least 48 hours (or two court days) after the party subject to the requested order has been served.

## XI.    OTHER MATTERS

### A.    Class Actions

If this action is a putative class action, the parties are to act diligently and begin discovery immediately so that the motion for class certification can be filed expeditiously. A motion for class certification must be filed not later than 120 days from the date initially set for the scheduling conference, unless the Court orders otherwise.

**B.    ERISA Cases (Benefits Claims)**

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record. Counsel is discouraged from filing motions for summary judgment or partial summary judgment on any other issue. If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co*., 175 F.3d 1084, 1093-95 (9th Cir. 1999) (en banc) in the moving papers and explain why summary judgment is not precluded. The parties may receive a scheduling conference order as a matter of course. Because the ordinary pretrial and trial schedule does not apply to these ERISA cases, the parties need only submit a joint status report identifying any special issues that should be considered. The parties should proceed with preparing the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled within 6 months from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

**C.    Bankruptcy Appeals**

Counsel must comply with the Notice Regarding Appeal from Bankruptcy Court issued at thetime the appeal is filed in the district court. The matter is deemed under submission on the filing of the appellant's reply brief. The Court considers bankruptcy appeals on the papers and usually does not set these matters for hearing.

**XII.    CONSEQUENCES FOR NONCOMPLIANCE WITH THIS ORDER**

If, without satisfactory explanation, counsel fail to file the required Joint Rule 26(f) Report or the required pretrial documents, fail to appear at any scheduled proceeding, or otherwise fail to comply with the Court's Orders or rules, the Court shall take any action it deems appropriate, including: (i) dismissal of the case

for failure to prosecute, if the failure occurs on the part of the plaintiff; (ii) striking the answer resulting in default if such failure occurs on the part of the defendant; and/or (iii) imposing monetary sanctions against the offending party and counsel.

**IT IS SO ORDERED.**

Dated:  May 4, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE