**Law Office of Dyke Huish**
**26161 Marguerite Parkway**
**Suite B**
**Mission Viejo, CA 92692**

**Tate Bywater**
2740 Chain Bridge Rd, Vienna, VA 22181

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA,
Defendant Property.

Case No. 2:26-cv-04255-SPM-PD

**NOTICE BY INTERESTED VICTIMS AND INTERESTED PERSONS OF POTENTIAL INTEREST IN DEFENDANT PROPERTY AND INTENT TO SEEK REMISSION, RESTORATION, OR OTHER VICTIM RELIEF**

Interested Victims and Interested Persons Maki Revend, Shakhwan Abdulrahman, and Shakhwan Abdulrahman as Representative of Jihan Taha Abdulrahman deceased, plaintiffs in related litigation pending in the United States District Court for the District of Columbia (*Maki Revend v. Masrour Barzani*, Civil Action No. 1:24-cv-00278-RDM, DDC), and Kurdistan Victims Fund (a 501(c)(3)) representing victims not presently a plaintiff, respectfully submit this Notice of Potential Interest in Defendant Property and Intent to Seek Remission, Restoration, or Other Victim Relief.  The Noticing Parties are not parties to this forfeiture action and do not by

this Notice seek to intervene, delay, obstruct, or otherwise interfere with the United States' forfeiture proceeding.

The Noticing Parties submit this Notice because they allege they are victims of the same broader enterprise misconduct underlying or related to the conduct described in the Government's forfeiture allegations, including alleged fraud, money laundering, sanctions violations, illicit financial flows, corruption, counterfeiting, trading with hostile or sanctioned actors, retaliatory intimidation, and fraud affecting the United States and U.S.-directed interests, and other high crimes including extrajudicial murder, kidnaping, and torture.

The Noticing Parties are plaintiffs in related civil litigation pending in the United States District Court for the District of Columbia involving allegations that members of the Barzani criminal enterprise and associated actors engaged in coordinated retaliatory conduct directed at investigative journalism concerning corruption, sanctions evasion, Iranian influence, regional instability, illicit financial activity, and matters affecting United States foreign policy and national-security interests.  The Noticing Parties further allege that they suffered injury arising from the same broader course of conduct and enterprise activity implicated in the Government's forfeiture allegations.

The Noticing Parties therefore respectfully notify the Court and the United States that they intend to seek all appropriate victim-related relief permitted by law, including remission, restoration, victim recognition, asset preservation, and any available distribution from forfeited proceeds.  The Noticing Parties further reserve the right to submit petitions for remission or restoration pursuant to 28 C.F.R. Part 9 to the United States Attorney, the Department of Justice, the Money Laundering and Asset Recovery Section, and/or any other appropriate agency or official.

This Notice is filed for the additional purpose of ensuring that assets potentially traceable to the alleged enterprise misconduct are not distributed, dissipated, transferred, settled, released, or otherwise disposed of without reasonable notice to potentially affected victims and interested persons.

The Noticing Parties further reserve all rights:

1. to seek recognition as victims or interested persons in connection with this forfeiture proceeding;

2. to file petitions for remission or restoration;

3. to seek notice concerning any proposed settlement, interlocutory sale, asset disposition, remission process, restoration process, or distribution procedure;

4. to seek constructive trust, equitable lien, restitution, disgorgement, tracing, or related equitable remedies;

5. to pursue asset-preservation relief, expedited discovery, or related equitable remedies in related proceedings;

6. to file a verified claim pursuant to Supplemental Rule G should investigation reveal a direct legal interest in specific defendant property;

7. to seek ancillary or limited intervention relief should future circumstances warrant;

8. and to pursue any additional rights or remedies available under federal law, equity, forfeiture procedures, victim-rights doctrines, or related authorities.

The Noticing Parties respectfully request that the United States provide reasonable notice to undersigned counsel concerning any remission, restoration, claims-administration, settlement, sale, or victim-compensation process affecting the Defendant Property.

This Notice is filed solely to preserve and publicly document potential victim-related interests and rights.  It does not waive, limit, or replace any right, remedy, petition, claim, motion, or other relief available to the Noticing Parties in this or any related proceeding.

Dated: May 29, 2026

Respectfully submitted,

Dyke Huish
Counsel for Interested Victims and Interested Persons
(Tate/Bywater Attorneys
2740 Chain Bridge Rd, Vienna, VA 22181)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I caused the foregoing Notice to be filed through the Court's CM/ECF system, which will provide notice to all counsel of record.

Dyke Huish